UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-24614-UNGARO/OTAZO-REYES

ALEJANDRO ABELLO,
And other similarly-situated individuals,

    Plaintiff,

vs.

CAR DEPOT OF MIRAMAR, d/b/a
MIAMI AUTOMAX, INC.,
a Florida Limited Liability Company, and
KENNYA QUESADA, individually,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, ALEJANDRO ABELLO ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendants, **CAR DEPOT OF MIRAMAR**, d/b/a **MIAMI AUTOMAX, INC.**, a Florida Limited Liability Company, and **KENNYA QUESADA**, individually, ("Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1.     Jurisdiction in this Honorable Court is proper as the damages for Plaintiff are in excess of $15,000.00, excluding attorneys' fees and costs; and the claims are brought pursuant to: the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et. Seq., hereinafter referred to as the "FLSA") (Section 216 for jurisdictional placement) ("the Act") and Article X, Section 24 (d) of the Florida Constitution (hereinafter referred to as the "FMWA"), and retaliatory discharge pursuant to Florida's private sector Whistleblower's Act, Fla. Stat. §

       448.101 (hereinafter referred to as "FWA") to recover unpaid wages, unpaid minimum wage compensation, and additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over this controversy based upon 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, CAR DEPOT OF MIRAMAR d/b/a MIAMI AUTO MAX INC. is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, KENNYA QUESADA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, CAR DEPOT OF MIRAMAR d/b/a MIAMI AUTO MAX INC.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff performed work for Defendants as a non-exempt employee, working for Defendants as a car salesman from on or about January 8, 2014 to on or about June 20, 2014.

10. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid approximately $900.00 during the months of January through February and $500.00 per week during the months of March through June.

11. Plaintiff was not paid at the proper minimum wage compensation rate for hours worked as proscribed by the laws of the United States and the State of Florida.

12. Plaintiff was paid at a regular rate of $500.00 per week during the months of March through June for sixty-six (66) hours per week which equates to $7.57 per hour for 15 weeks. Therefore, Plaintiff is owed approximately $216.00 ($7.93-$7.57 x 40 hours x 15 weeks) in unpaid minimum wages, plus an equal amount as liquidated damages.

13. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

14. Plaintiff was paid at a regular rate of $900.00 per week during the months of January and February for sixty-six (66) hours per week which equates to $13.63 per hour. Plaintiff's overtime rate for these unpaid hours would be $6.81 (0.5 x $13.63). As such, for the months of January and February, Plaintiff is owed approximately $1,239.42 ($6.81 x 26 hours x 7 weeks) in unpaid overtime wages for the months of January and February, plus an equal amount as liquidated damages.

15. Plaintiff was also paid at a regular rate of $500.00 per week during the months of March through June for sixty-six (66) hours per week which equates to $7.57 per hour. Plaintiff's overtime rate for these unpaid hours would be $3.96 ($7.93 x 0.5). As such, for

the months of March through June, Plaintiff is owed approximately $1,544.40 ($3.96 x 26 hours x 15 weeks), plus an equal amount as liquidated damages.

16. In addition, throughout Plaintiff's employment, he worked numerous hours that were not properly compensated, and namely $2,800 in unpaid commissions.

17. On or about June 20, 2014, the same day as Plaintiff's termination, Plaintiff asked Defendant for his unpaid wages (both minimum wage and overtime compensation) and confronted Defendant about not paying employees the proper amount, not entering Saturday and Sunday hours worked, and cutting owed commissions in half;

18. On or about June 20, 2014, the same day as Plaintiff's termination, Defendant, in response to Plaintiff's request for unpaid wages, instructed Plaintiff that Defendant would not pay Plaintiff; and instructed Plaintiff that: "if he didn't like it, he had to leave;" and "if he tried to ever come back, she would call the cops on him".

19. Plaintiff was therefore terminated directly following this exchange (¶17 through ¶18) as a result of questioning non-payment.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### CAR DEPOT OF MIRAMAR d/b/a MIAMI AUTO MAX INC.

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

21. This action is brought by Plaintiff, and other similarly-situated individuals, to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees...

for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

27. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation Against*
*KENNYA QUESADA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff, and other similarly-situated individuals, to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

34. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, KENNYA QUESADA.

35. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

36. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
*FMWA Violation Against*
*CAR DEPOT OF MIRAMAR D/B/A MIAMI AUTO MAX INC.,*

1. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

2. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

3. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

4. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2011 was $7.31; 2012 was $7.67; 2013 was $7.79.

5. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FMWA Violation Against KENNYA QUESADA*

6. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

7. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

8. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

9. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2011 was $7.31; 2012 was $7.67; 2013 was $7.79.

10. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages,

with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation under the FWA against KENNYA QUESADA*

11. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

12. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: …(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

13. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

14. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

15. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

16. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

17. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

18. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

19. The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.104.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 15, 2015

Respectfully submitted,

*[signature]* BAR NO. 0113374 FOR

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Alan K. Marcus, Esq.**
**MARCUS LAW CENTER, LLC.**
2600 Douglas Road,
Suite 1111
Coral Gables, Florida 33134
Tel: 305-507-1203
Fax: 305-507-1204
Email: amarcus@marcuslawcenter.com

ATTORNEY FOR DEFENDANTS

by: *[signature]* BAR NO. 0113374 FOR
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637