IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-24614-UNGARO/OTAZO-REYES

ALEJANDRO ABELLO,
    Plaintiff,

v.

CAR DEPOT OF MIRAMAR D/B/A MIAMI
AUTOMAX, INC., a Florida Limited Liability
Company, KENNYA QUESADA, individually,

    Defendants.
_____/

**<u>DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

**COME NOW**, Defendants Car Depot of Miramar D/B/A Miami Automax, Inc. ("Car Depot") and Kennya Quesada ("Quesada") and, pursuant to Federal Rules of Civil Procedure 12(b)(6), file this Motion to Dismiss First Amended Complaint (the "Motion") in response to Plaintiff Alejandro Abello's Amended Complaint for alleged Fair Labor Standards Act (FLSA), Florida Minimum Wage Act (FMWA), and Retaliatory Termination, and in support herein states as follows:

**I.     INTRODUCTION**

On December 5, 2014, Plaintiff filed his five (5) count Complaint [D.E. 1] against Defendants Car Depot and Quesada, alleging that both Car Depot and Quesada (1) failed to pay Plaintiff overtime wages pursuant to the Fair Labor Standards Act, (2) failed to pay Plaintiff the required minimum wage amount pursuant to the Florida Minimum Wage Act, and (3) that Defendants violated the Florida Whistleblower's Act by retaliating against the Plaintiff, presumably by his alleged termination.  On December 30, 2014,

1

Defendants Car Depot and Quesada filed their Unopposed Motion for an Extension of Time to File a Response to the Complaint [D.E. 7]. On January 5, 2015, this Court entered its Order allowing Defendants Car Depot and Quesada until January 9, 2015 to respond to the Complaint [D.E. 8]. On January 9, 2015, Defendants filed their Motion to Dismiss Complaint [D.E. 9]. On January 15, 2015, Plaintiff filed his First Amended Complaint ("Amended Complaint") [D.E. 11] in response to Defendants' Motion to Dismiss Complaint [D.E.9] without hearing or ruling thereon. On January 20, 2015, this Court entered its Order denying Defendants' Motion to Dismiss [D.E. 9] as moot and provided Defendants until January 30, 2015 to respond to the Amended Complaint [D.E. 12]. Pursuant to said Order, this Motion is timely filed. Plaintiff's Amended Complaint should be dismissed as a matter of law. Counts I and II of Plaintiff's Amended Complaint warrant dismissal on their allegations alone as outlined below, and if dismissed, require the dismissal of the remaining Counts III, IV and V, as Federal jurisdiction would not lie for those claims brought solely pursuant to Florida law.

First, Counts I and II of Plaintiff's Amended Complaint warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff is an exempt employee (a salesman for a used automobile dealership) pursuant to 29 U.S.C. § 213(b)(10)(A). Second, Counts I and II further warrant dismissal as Plaintiff alleges that he was in fact paid the minimum hourly wage required pursuant to 29 U.S.C. § 206(a)(1)(C). Finally, in the event counts I and II of the Amended Complaint are dismissed, the Court should decline to exercise supplemental jurisdiction as permitted by 29 U.S.C. 1367(c)(3).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two basic criteria: (1) it must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Otherwise stated, Plaintiff's claim must cross the threshold between what is simply "possible" into what may "plausibly" result in the relief sough. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, the Court may apply its own level of reasoning and analysis to the factual allegations of the Plaintiff in its quest to determine the plausibility of his claims. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [internal citation omitted]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal* at 679. Finally, for the purposes of the consideration of this Motion, the well pled factual allegations contained in Plaintiff's Amended Complaint

3

must be taken as true. "Under rules of procedure that have been well settled since well before our decision in *Theatre Enterprises,* a judge ruling on a defendant's motion to dismiss a complaint "must accept as true all of the factual allegations contained in the complaint." *Twombly* at 572. *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508.

III. ARGUMENT

  A. **Plaintiff's Claims for Unpaid Overtime Against Defendants in Counts I and II of Plaintiff's Amended Complaint must be dismissed, as Plaintiff is an Exempt Employee Pursuant to 29 USCA § 213(b)(10)(A).**

In part, Counts I and II of Plaintiff's Amended Complaint seek the recovery of both unpaid minimum wages and unpaid overtime wages against Defendants Car Depot and Quesada, respectively, pursuant to 29 U.S.C. § 207(a)(1). Plaintiff claims that he was not paid time-and-a-half for hours worked in excess of forty (40) hours per week. Pl.'s Am. Compl. ¶ 10, 13, 14, 15, 17, 21, 27, 31 and 37. Additionally, Plaintiff clearly states that he worked for the Defendants as "a non-exempt employee, working fir Defendants as a car salesman from on or about January 8, 2014 to on or about June 20, 2014." *Id.* at ¶ 9. While Plaintiff is correct that he worked as a car salesman for Defendants, he is incorrect in claiming that he is a non-exempt employee. In fact, 29 U.S.C. § 2013(b)(10)(A) specifically lists car salesman as exempt from the provisions of 29 U.S.C. § 207. 29 U.S.C. § 213(b)(10)(A) specifically exempts "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." By Plaintiff's own admission, he falls within this exemption. Furthermore, there are no allegations in the Amended complaint that he undertook any other work-related

responsibilities other than the sale of cars for the Defendants, nor that the Defendants were engaged in any other type of work other than the sale of used cars to the public.

The application of this exemption upon Plaintiff is illuminated by the application of the analysis set forth in *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446 (4th Cir. 2004). In *Walton*, the court considered the following undisputed facts in determining the application of the exemption to an automobile dealer service writer: (1) the employee promoted and attempted to sell goods provided by the dealership; (2) the employee openly solicited business by telephone and maintained irregular hours based upon the needs of customers; and (3) the employee's job responsibilities included achieving the satisfaction of customers with respect to vehicle related issues and meeting pre-determined sales objectives. *Id.* at 452-453. The court determined that the service writer (a position much less in line with the traditional definition of "salesman") was in fact an exempt employee under 29 U.S.C. § 213(b)(10)(A). Applying the same set of factors, it is clear that a traditional position of "salesman" would fall with the same exemptions of 29 U.S.C. § 213(b)(10)(A), a position that Plaintiff himself considered to be employed in by his own admission (Pl.'s Am. Compl. ¶ 9).

As a result of the application of the 29 U.S.C. § 213(b)(10)(A) exemption to Plaintiff, Plaintiff is, as a matter of law, prevented from raising his claim for unpaid overtime hours from either Defendant pursuant to 29 U.S.C. § 207(a)(1). Therefore, those portions of Plaintiff's Amended Complaint which seek the recovery of unpaid overtime wages pursuant to 26 U.S.C. § 207(a)(1) should be dismissed as a matter of law, as Plaintiff has failed to state a plausible claim upon which relief may be granted.

> B. **Plaintiff's Claims for Federal Minimum Wage Violations Against Defendants in Counts I and II of Plaintiff's Amended Complaint Must be Dismissed, as Plaintiff Admits He Was Paid at or Above Minimum Wage at All Times of Employment.**

In addition to Plaintiff's claim for unpaid overtime wages, Counts I and II of Plaintiff's Amended Complaint also allege that Defendants Car Depot and Quesada, respectively, failed to pay Plaintiff the Federal mandated minimum wage set forth by 29 U.S.C. § 206(a)(1)(C). 29 U.S.C. § 206(a)(1)(C) states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than--...(C) $7.25 an hour [during the applicable time period at issue herein]." *Id.* By Plaintiff's own admissions, he was paid $13.63 per hour for the months of January and February (Pl.'s Am. Compl. ¶ 14) and $7.57 per hour for the months of March though June Pl.'s Am. Compl. ¶ 12 and 14). If Plaintiff's allegations are taken as true, then there can be no liability placed upon Defendants for alleged minimum wage violations, as Plaintiff was in fact paid a rate higher than what is required by 29 U.S.C. § 206(a)(1)(C).

Based on Plaintiff's own allegations, it is clear that he cannot possibly set forth a plausible claim related to a minimum wage violation . "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [internal citation omitted]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal* at 679.

6

For Plaintiff to have met his burden that his causes of action set forth in Counts I and II are plausible, he would have had to allege that he was paid less than $7.25 per hour during some applicable time period within the three (3) years preceding the filing of his initial Complaint [D.E. 1] in this action. Based on the foregoing, Counts I and II of Plaintiff's Amended Complaint should be dismissed as they fail to set forth a plausible cause of action which would allow relief to ultimately be granted.

### C. If Counts I and II of Plaintiff's Amended Complaint are Dismissed, Jurisdiction Will No Longer Lie in This Court and Would Require the Remaining Counts to be Removed to State Court

The case at bar has been brought in this forum by way of subject-matter jurisdiction as provided in 29 U.S.C. 216(b) as Counts I and II of Plaintiff's Amended Complaint allege (but do not support, as argued *supra*) direct violations of the Fair Labor Standards Act of 1938. The remaining Counts III (violation of the Florida Minimum Wage Act against Defendant Car Depot), IV (violation of the Florida Minimum Wage Act against Defendant Quesada) and V (violation of the Florida Whistleblower's Act against Defendant Quesada) of Plaintiffs Amended Complaint allege violations of substantive Florida law, and are therefore before this Court pursuant to theories of supplemental jurisdiction. Thus, in the event of a dismissal of Counts I and II of Plaintiff's Amended Complaint, Counts II, IV and V must be removed to state court, as they alone are not based upon federal law and do no invoke subject-matter jurisdiction.

Fair Labor standards Act cases are properly brought before federal courts wherein the causes of action set forth a violation of the laws of the United States. *See Geisert v. Corriveau*, 140 F.Supp 29, 30 (E.D. Mich. 1956). Additional causes of action emanating from state law may be considered by pursuant to 28 U.S.C. § 1367(c) and the

court's discretion to invoke supplemental jurisdiction. In the instant case, there no doubt that Counts III, IV and V (which invoke state law) of the Amended Complaint would properly travel with Counts I and II therein, as they all invoice the same nucleus of operative fact, i.e. the rate of hours and pay Plaintiff is entitled to for which he has not received proper compensation. *Ahle v. Veracity Research Co.*, 641 F. Supp. 2d 857, 863-64 (D. Minn. 2009). However, allows for the declination of the exercise of supplemental jurisdiction when the district court dismisses all claims upon which original jurisdiction existed. 29 U.S.C. 1367(c)(3).

In the event that Counts I and II are dismissed, as argued *supra*, this Court would be permitted to decline the exercise of supplemental jurisdiction over counts III, IV and V of Plaintiff's Amended Complaint, which will have the practical effect of causing those state law based actions to be removed to state court. Defendants argue that those causes of action brought by Plaintiff which solely allege violations of Florida law should be brought and considered in Florida state court, as there would no longer be any allegation of a violation of Federal law. Thus. Should this Court be inclined to dismiss Counts I and II of the Amended Complaint, the remaining Counts III, IV and V should be removed to Florida state court to be resolved between the parties.

## IV. CONCLUSION

In conclusion, Plaintiff's claims are insufficient as a matter of law and thus subject to dismissal due to (1) Plaintiff's admission in his pleading that he was a salesman for the Defendants, which therefore causes him to be an exempt employee pursuant to 29 U.S.C. 213(b)(10)(A), and (2) Plaintiff admitting that he earned greater than the $7.25 per hour required by 29 U.S.C. § 206(a)(1)(C). Additionally, should

Counts I and II of Plaintiff's Amended Complaint be dismissed, Defendants request that the remaining Counts III, IV and V be removed to state court for further resolution. Thus, Defendants respectfully request that Plaintiff's Amended Complaint [D.E. 11] be dismissed pursuant to Federal Rule of Civil procedure 12(b)(6) based upon the foregoing arguments and points of law and any further relief this Court deems proper and justified under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been emailed to Anthony M. Georges-Pierre, Esq., agp@rgpattorneys.com, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130 this 30 day of January 2015 by CM/ECF electronic filing.

Respectfully submitted,

MARCUS LAW CENTER, LLC
Attorney for Defendants
2600 Douglas Road,
Suite 1111
Coral Gables, Florida 33134
Tel: (305) 507-1203
Fax: (305) 507-1204

/s/ Alan K. Marcus
Alan K. Marcus, Esq.
Florida Bar No.26611